660 So.2d 288 (1995)
BROWARD COUNTY, Appellant,
v.
Nathan W. CONNER, Jr., and Maria T. Conner, his wife, et al., Appellees.
No. 94-0936.
District Court of Appeal of Florida, Fourth District.
July 19, 1995.
Rehearing Denied October 3, 1995.
*289 Angela C. Flowers of Kubicki Draper, Fort Lauderdale, and John J. Copelan, Jr., Fort Lauderdale, for appellant.
Robert A. Ware of English, McCaughan & O'Bryan, P.A., Fort Lauderdale and Antonio Martinez, Jr. of Shutts & Bowen, Miami, for appellees.
KLEIN, Judge.
Broward County appeals a final judgment ordering specific performance of an agreement involving the transfer of real estate. We reverse because enforcement of the agreement would violate the Statute of Frauds and the Government in the Sunshine Law.
After filing an eminent domain petition to take appellees' property near the Fort Lauderdale-Hollywood International Airport, the county and appellees engaged in settlement negotiations, the purpose of which was to determine if there could be a real estate exchange between the parties. The county was represented by a private law firm in both the eminent domain proceedings and the settlement negotiations.
Through a December 10, 1992 letter from appellees' lawyer to the county's lawyer, the parties "confirmed the parameters" of a proposed settlement, the terms of which had been agreed upon at a meeting held on December 1. Along with other provisions, the letter specified that land parcels would be exchanged; that the county would pay appellees $275,000; that the court would award appellees costs and fees; and, that appellees could use the old property for 18 months and pay rent thereafter until a building was constructed on the new property. The letter further provided:
The foregoing sets forth the terms of the proposed settlement which we believe the parties approved in principle at the December 1, 1992 meeting, subject to the following matters:
1. The settlement is subject to the Petitioner obtaining all necessary governmental approvals of the terms of the settlement, including approval by the Broward County Commission and, if necessary, approval by the FAA.
....
any settlement will become binding upon the parties only after it has been reduced to a formal written settlement agreement executed by the parties and approved by the court.
The parties exchanged additional letters with unsigned drafts of proposed agreements and held further meetings; however, in October 1993 the county advised appellees that the county had decided not to go through with the land exchange.
The next month, appellees filed a motion in the eminent domain action to enforce the *290 settlement agreement. The court granted the motion, finding that the agreement had been partly performed; that appellees had relied to their detriment based on the representation of the county's agents and employees; and, that the county was estopped to deny the settlement. In ordering specific performance, the court provided:
Broward County, through its planning and aviation departments, shall proceed to obtain the approval of the County Commission at a regularly scheduled meeting of the County Commission within 2 weeks of the signing of this order, that the plat shall be approved by the County Commission, and that the County shall secure approvals required by other governmental agencies which are necessary for the exchange of the parcels and relocation of appellees' business to the new parcel.
The county argues that the agreement is not enforceable because it violates the provision in our statute of frauds which requires that a contract for sale of land be signed by the party to be charged, section 725.01, Florida Statutes (1993). We agree. Part performance does not remove an oral contract for sale of land from the statute of frauds unless there is payment of all or part of the consideration, possession by the vendee, and valuable improvement so as to constitute a fraud on the vendee if there were no performance. Collier v. Brooks, 632 So.2d 149, 155 (Fla. 1st DCA 1994), and cases cited therein. None of the requirements for part-performance exist here.
Nor does the doctrine of promissory estoppel assist appellees. Although they may be able to recover damages for expenses they incurred, Gleason v. Leadership Housing, Inc., 327 So.2d 101 (Fla. 4th DCA 1976), they cite no authority which would support specific performance under these circumstances.
Enforcement of this agreement would also violate our Government in the Sunshine Law, section 286.011(1), Florida Statutes (1993), which provides:
All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.
In the present case, the trial court has essentially determined that the county entered into a contract by virtue of the actions of its attorneys, without formal action by the county commission at a meeting as required by the statute. If the county could not have entered into this contract without action taken at a meeting, it necessarily follows that the actions of the county's attorneys could not bind the county to specific performance of a contract in the absence of proper commission approval. Our sunshine law does contain provisions governing the negotiation of settlements of pending litigation. Section 286.011(8), Florida Statutes (1993). There is no suggestion that the requirements of that provision were met here.
We therefore reverse the order granting specific performance and remand for further proceedings.
GUNTHER, C.J., concurs.
FARMER, J., concurs specially with opinion.
FARMER, Judge, concurring specially.
I agree with Judge Klein that the statute of frauds applies to contracts with governmental entities settling pending litigation. While I agree that a reversal is necessary, I do not believe that application of the statute of frauds to this case necessarily results in a victory for Broward County. The record suggests that the county commissioners gave broad authority to its aviation division and lawyers to settle airport condemnation cases within a certain framework, such that final commission approval of any individual settlement might have been merely ceremonial. I would remand to the trial court to hold another hearing to determine in the first instance whether any of the several writings signed by attorneys representing Broward *291 County are sufficient to satisfy the statute of frauds.
I understand Broward County's right to insist on every legal formality. But after this case if I were an attorney representing a landowner in a condemnation proceeding brought by Broward County, I would insist on my own formalities  including an instrument executed by all of the county commissioners under seal giving the county's lawyers plenum et sufficientum potestatem to settle the case before I would waste my time and my client's negotiating with them. The conduct of the county in this case can only serve to make its land condemnations more expensive than they already are.